L. C. GABBERT, Respondent, v. A. H. PENFIELD, Appellant.

Kansas City Court of Appeals, May 20, 1907.

1. CONTRACT: Principal and Agent: Liability: Disclosure of Principal. On the evidence it is held the fact that defendant disclosed the name of his principal did not release him from liability, since on the evidence the jury found the contract was made directly with the defendant.

2. APPELLATE PRACTICE: Evidence: Abstract. Where a conversation is admitted in evidence but is not set out in the record, the appellate court cannot consider its competency and relevancy.

2. CONTRACT: Petition: Sufficiency of. A petition to recover for services alleged plaintiff's employment by the defendant to defend a certain prisoner, that plaintiff successfully defended the prisoner, and afterwards presented his account to the defendant who paid part and agreed to pay the balance. Held, it was sufficient.

Appeal from Buchanan Circuit Court.—Hon. Chesley A. Mosman, Judge.

AFFIRMED.

Mytton, Parkinson & Crow for appellant.

(1) The evidence excluded by the court to part of the conversation between Mr. Gabbert and Mr. Penfield, even though it referred to what some other person, namely Judge R. E. Culver, had told Mr. Penfield, was relevant, competent and material, as the entire conversation was admissible in evidence so that the jury could form a correct conclusion from all that occurred at such conversation. The court excluded this evidence on the ground that it was hearsay, but appellant asked that it be admitted because it was part of the conversation. It was not what Judge Culver said, but what Mr. Penfield said to Mr. Gabbert. State v. Curtis, 70 Mo.

595; Haver v. Schwyhart, 48 Mo. App. 50; Howard v. Nelson, 5 Mo. 533; Reevs v. Hardy, 7 Mo. 348; Lyon v. Batz, 42 Mo. App. 606; Webster v. Canman, 40 Mo. 156. (2) Mr. Penfield having called upon Mr. Gabbert to defend Mr. Flynn and having disclosed his principle to Mr. Gabbert and the services having been performed for Mr. Flynn alone, there was no liability on the part of Mr. Penfield to pay for the services unless he thereafter obligated himself so to do. Huston v. Taylor, 140 Mo. 252. (3) Mr. Gabbert relies in this case upon Mr. Penfield's promise after the performance of the services and after the indebtedness had been fully incurred by Mr. Flynn the promise, if any, of Mr. Penfield having been oral, was wholly void, having according to Mr. Gabbert's own testimony, promised to pay the debt of another, and such promise not being evidenced by writing.

*Brewster, Ferrell & Mayer* for respondent.

(1) This was a suit on an account stated. The petition fills every requirement necessary to plead an account stated. 2 A. & E. Ency. Law, p. 437; Sharp v. Behr, 136 Fed. 795; Koegel v. Givins, 79 Mo. 77; Lustig v. Cohen, 44 Mo. App. 271; Marmon. v. Waller, 53 Mo. App. 610; Newburger v. Friede, 23 Mo. App. 634; Nolan v. Johns, 126 Mo. 159; State v. Linney, 52 Mo. 40; Lyon v. Vatz, 42 Mo. App. 618. (2) There arises no question of agency in this case, nor of a promise to pay the debt of another. Nolan v. Johns, 126 Mo. 159.

BROADDUS, P. J.—The plaintiff is a lawyer and this suit is to recover compensation for his services in defending one Stewart Flynn, charged with murder, in the criminal court of Buchanan county.

Plaintiff's evidence tends to show that on the twenty-fourth day of August, 1905, the defendant employed him to defend said Flynn on said charge without any agreement as to any specified amount therefor; that plaintiff under said employment secured the acquittal

of the accused; and that afterwards he tendered to defendant a bill for his services rendered in the sum of one thousand dollars, which he agreed to pay; that he paid him on the account so tendered the sum of two hundred dollars and promised to pay the balance soon thereafter. The defendant's evidence was to the effect that he did not employ plaintiff on his own account, but on behalf of said Flynn, and that the payment on the bill rendered was made in behalf of Flynn, and that he did not agree to pay the balance.

Only one instruction on the issue was asked on the respective sides, which the court gave. That for plaintiff presented the sole issue, viz.: whether defendant employed plaintiff to defend Flynn, and plaintiff afterwards rendered a bill to defendant for his services in the employment for one thousand dollars, and defendant paid two hundred dollars on the same, and agreed to pay the balance soon thereafter. Defendant's instruction was to the effect that the burden of proof rested upon the plaintiff.

It is contended by defendant that he disclosed the name of his principal when he employed plaintiff and that as the services were performed for that principal, he was not liable for. the services so performed. To support this theory we are cited to Huston v. Tyler, 140 Mo. 252, where it is held that the "Defendant having disclosed to the plaintiff that he was acting simply as the agent of the principal maker of the note in procuring the loan, is not responsible because such principal rendered the note worthless by forging thereto the names of the other makers." The case is not a parallel one and for that reason has no application. According to plaintiff's evidence, and we must take it as controlling as it is sustained by the verdict of the jury, defendant employed plaintiff on his own account and not as agent for Flynn.

It is claimed that the court committed error in the

rejection of certain testimony which relates to a conversation purported to have been held between Judge Culver, a member of the Buchanan County Bar, and defendant and which defendant communicated to plaintiff. We could not know whether there was any error as to that matter unless it was made to appear what the conversation was, so that we could judge of its competency and relevancy, therefore we cannot consider the objection.

Finally defendant makes the point that plaintiff's petition does not state a cause of action. But we think it does. The petition in substance alleges the employment by defendant of plaintiff to defend Flynn on the charge of murder, that he did defend him successfully, and that afterwards he rendered to defendant an account for his services in the sum of one thousand dollars, on which defendant paid the sum of two hundred dollars and agreed to pay the balance. No objection was made to the petition until after the trial and judgment. We think it is at least sufficient to support the judgment.

Affirmed. *Ellison, J.,* concurs. *Johnson, J.,* not sitting.